The opinion of the Court was delivered by
Bermudez, C. J.
The question to be determined in this controversy is merely : whether one who signed, as surety, a certain twelve months’ bond, given by an adjudicateo of succession property, offered by a sheriff, can be held liable as such.
From a judgment in the negative the parties claiming to be aggrieved have appealed.
The facts disclosed by the record are: that in the succession of P.'G. Quinii, an order of sale having been provoked’ by a creditor seeking payment, the sheriff advertised a piece of real estate belonging to the succession. At the place and time fixed for the sale, the property was offered by him, but the appraisement price not having been bid, the land was instantly re-offered, and after crying, was adjudicated for $1,675, on a credit of twelve months, to B. C. Quinn, who was the administrator and also an heir of the deceased.
The adjudicatee furnished, as his obligation, a twelve months’ bond for the amount, with Mrs. Elizabeth Carter, as surety therein.
B. C. Quinn having been removed as administrator and a successor appointed to him, and the bond having matured and remaining unpaid, the present succession representative took steps to enforce payment of the bond against Mrs. Carter, as surety, levying on her property. Mrs. Carter, upon grounds alleged, obtained an injunction and arrested the sale. - •
The administrator'and a creditor further sue her directly'on the bond, each claiming exclusive title thereto. She resists payment on_ the ground that the bond is a nullity. It is not valid, she says, because it was not preceded by a judicial sale; the formalities required to give to the instrument the characteristics of a twelve months’ bond were not fulfilled; it is not a judicial bond, but one of consent only; she signed it in error of fact, and no execution could issue and no seizure can be made under it. '
There is no doubt that the sale having been provoked by a creditor, the property could not be legally adjudicated, itnless it brought the, inventory appraisement. As it did not, it was surely the clear duty of the sheriff, in not less than fifteen days, nor more than twenty-five days from the time it was thus offered, and after public advertisement, to have re-offered and sold it at public auction, to the highest bidder, *880 for what it would have brought on a credit <jf twelve months. It is true that the forms of law were not observed,' and it may well be that the property did uot, at the time, pass, and that the adjudicatee did not acquire title to it; but those irregularities are not absolute nullities. They may have been, and to all appearances have been cured.
Indeed, it appears that after the adjudication had taken place, the bond was placed among the assets of the succession, in an account rendered, and that the same property was seized by a judgment creditor of the adjudicatee, and sold for $750, which went towards the satisfaction of his debt. Besides, more than five years have elapsed since the day of adjudication, and time has cured the irregularities attending the sale.
There is nothing in the record to show that any party concerned has ever attacked the title of the adjudicatee; nothing to show that he was disquieted in his possession or had any reason to fear that he would be disturbed by an action of mortgage, or any other claim ; nothing which would have justified him to suspend payment of the price. R. C. C. 2557. A suit against the adjudicatee on the bond would have terminated by a judgment against him, unless he had offered to return the property.
In the same manner that B. C. Quinn could not be permitted now to resist payment of the price, by alleging the nullity of the sale, when not offering to return the property, so Mrs. Carter, the surety, cannot bo allowed to assail the legality of the obligations which she has assumed for the satisfaction of the price. 4 N. S. 93; 9 R. 195; 7 A. 542.
The omission to record the bond cannot'avail her as a defense. She should have had it recorded herself, for her protection. Had she paid, she surely then would have been subrogated to the vendor and have had the privilege securing the debt. But even if the bond had been recorded, she could not resist payment on the bond.
The authorities to which our attention is called by the learned counsel of Mrs. Carter, relate to cases in which principals had defenses, and in which sureties could not be held responsible.
The lower court erred in perpetuating the injunction.
It is, therefore, ordered and decreed, that the judgment appealed from be reversed ; and proceeding to render such judgment as should have been rendered, it is ordered, adjudged and decreed, that, the injunction herein isued be dissolved, and that the execution of the writ enjoined be further proceeded with according to law, the appellants to pay cost in both Courts.
Rehearing refused.